Caldwell, J.
This cause comes into this court on a writ of error to the common pleas of Harrison county. The plaintiff in error was indicted for an assault,and stabbing, alleged to have been committed on Thomas Carothei’S; he was found guilty, and sentenced to two years’ imprisonment in the penitentiary. Numerous errors have been assigned on the record ; we have not thought it necessary to consider but one. The indictment contained ten counts, some charging an assault with intent to murder, others charging stabbing with intent to kill, wound, etc.
The clerk, previous to the trial, had placed on the margin of the indictment, opposite each count, the numbers one, two, and so on, to nine, commencing with the second count in the indictment. In In this way the second count was numbered one, and the tenth count numbered nine ; this made the eighth and ninth counts in the indictment the seventh and eighth, as numbered in the margin. The jury returned a verdict as follows: “That the defendant is guilty in manner and form as he stands charged in the seventh and eighth counts, as marked in the indictment, and not guilty on the other counts.”
The court sentenced the defendant to imprisonment in the penitentiary on the seventh count of the indictment, for one *year, and one year on the eighth count of the indictment; the latter *370 ■term of one year, to which the defendant was sentenced on tha * ^eighth count, to commence at the expiration of the term of one year, to which the defendant was sentenced on the seventh count.
Now, there is nothing technical or formal in the finding or ver-dict of a jury. The charges are set forth in technical form in the pleadings. In a ease like this, where the jury find the defendant guilty of some of the charges, and not guilty of others, it is only necessary that they should point out with certainty upon what charges they find guilty, and of what they acquit; if they do this, it matters not what terms of indication' they may use. It was perfectly clear, both from the record itself and from the affidavits of the jurors, that the jury found the defendant guilty on the ¡seventh and eighth counts as numbered on the indictment, which were the eighth and ninth counts of the indictment; and these were the only counts on which the defendant could be sentenced; he was acquitted on all the other counts. The court sentenced the •defendant on the seventh and eighth counts of the indictment; on the former of which he had been acquitted by the verdict of the jury.- This is clearly erroneous. The judgment on the eighth •count of the indictment, which was the seventh count as marked, was supported by the verdict; but the term of one year’s impris-onment to which the defendant was sentenced on that count was made to commence at the expiration of the term of one year to which the defendant was sentenced on the former seventh count. "The judgment is, therefore, not severable, and will have to be reversed in whole, and the cause remanded.
Judgment reversed.